NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 6, 2015[*]
Decided November 13, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1838

| | |
|---|---|
| SEAN SMITH, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:13-cv-01650-TWP-MJD |
| UTAH VALLEY UNIVERSITY, *et al.* | |
|     *Defendants-Appellees*. | Tanya Walton Pratt, |
| | *Judge*. |

**O R D E R**

Dissatisfied with his grades from Utah Valley University, Sean Smith sued the school and three of its employees, alleging breach of contract and violations of due process. Because his claims are barred by the Eleventh Amendment and for failure to state a valid claim for relief, we affirm the district court's judgment dismissing the suit.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Smith enrolled in online aviation courses at Utah Valley. In one course he received an "A" rather than the "A+" he believes he deserved, and a "D" in another course because his professor refused to accept a corrected paper in lieu of the one that he initially submitted. After attempts to resolve the dispute through the school's internal appeals process proved unfruitful, Smith sued for damages, invoking the district court's diversity jurisdiction. Smith's amended complaint asserts breach of an implied contract and violations of due process arising from the University's alleged failure to process his appeals according to their own policies. (He has abandoned other claims.)

The district court granted the defendants' motion to dismiss. It reasoned that the Eleventh Amendment bars Smith's claims against the University and the individual defendants sued in their official capacities. And it concluded that qualified immunity shields the school officials sued in their individual capacities.

On appeal, Smith challenges the dismissal of his due-process and contract claims, but his arguments are not persuasive. Although we take as true all well-pleaded facts and construe them in the light most favorable to Smith, we do not assume that his legal conclusions are true. *Hickey v. O'Bannon*, 287 F.3d 656, 657–58 (7th Cir. 2002). The Eleventh Amendment immunizes an unconsenting state from suits for damages unless Congress has validly exercised its power under the Fourteenth Amendment to abrogate the immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). State agencies, including public universities such as Utah Valley, and their officials sued in their official capacities are treated as arms of the state and immunized from damages suits as well. *Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907–08 (7th Cir. 1991). Utah has consented to damages suits in Utah state courts, but not in federal courts, *see* UTAH CODE §§ 63G-7-102(9), 63G-7-201, 63G-7-301(1)(a), and Smith identifies no federal law that abrogates its immunity. Therefore the district court properly dismissed all claims against Utah Valley and its employees sued in their official capacities.

To the extent that Smith pursues the individual defendants in their personal capacities under 42 U.S.C. § 1983, he states no valid due-process claim against them. First, the crux of Smith's appeal is that the defendants violated due process by failing to follow the school's own appeals procedures. Yet we have long held that a public institution's failure to follow state-specified procedures does not violate due process. *See Charleston v. Bd. of Trs. of the Univ. of Ill.*, 741 F.3d 769, 772–74 (7th Cir. 2013) (concluding that, in dismissing plaintiff from graduate program, "[i]t may have been unfair for the university not to follow its own procedures . . . but it was not unconstitutional"); *Osteen*

*v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993) (concluding no due process violation resulted from failure to follow university's student judicial code). Second, his claim depends on the existence of a protected interest in a particular grade, but he has supplied no authority establishing that protected interest, as he must. *See Charleston*, 741 F.3d at 772–74 & n. 2. Third, in the context of public education, the Supreme Court has held that *if* a student has a protected interest in not being *dismissed* from a program for academic reasons, the only process due is limited, flexible, and informal. *See Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 85–87 (1978). Smith was not dismissed from the program; he merely received two unwanted grades.

AFFIRMED.